Curia, per O’Neall, J.
In this case it might be enough, in answer to the first ground, to say, that although the recovery of MBurney v. Moles might be a bar to him when so pleaded, still, that it did not operate as a conveyance of his interest; and hence, therefore, when used as a mere matter of evidence of title, could have no such effect as would defeat Robert G. Moles, or those claiming under him. So, too, it would satisfactorily dispose of that ground to say, that there was nothing in the record of M’Burney v. Moles which showed that the trespass therein complained of was on the parcel of land now in dispute. - It is truesapartof the Young-blood grant conflicts with the tract of land in which Robert G. Moles was then interested; but it may be that he had trespassed upon a part of that grant which did not conflict with the senior title, under which he was an heir and'distri-butee — and from his disclaimer, on which M’Barney recovered, there is very little doubt that such was the fact. This being so, there can be no question that the recovery cannot in any way defeat the plaintiff. But the recovery of M'Burney v. Moles could not, as matter of estoppel, or as a plea in bar, have the effect of preventing this plaintiff from recovering the whole of the land. If Robert G. Moles had any •several interest, it might be that whenever he, or any one ■claiming under him, undertook to assert it, that the former recovery would estop and bar such claim. But when his claim or interest was in common with others, any or all of them recovering their respective interests, or the whole tract, would have the. efiect of putting the defendant out of possession, as would be the case in trespass to try titles, as well at the suit of one of the distributees as at the suit of all of them. It cannot be that a recovery against one distributee can be set up as a bar, in a suit brought by him and his co--•distributees. The reason is obvious: Some of the parties to ■'be affected by it are other than those included in the record of such recovery. It is as to them res inter alios acta, and hence can be no bar. The ease of Chapman v. Chapman is a case very similar to that under consideration, and is certainly decisive as authority in support of the position that the recovery of M'Burney v. Moles is no bar to this plaintiff. The second ground is decided by Edson v. Davis, and as we think that case was rightly decided, it is not necessary for us to do more than refer to it, as conclusively settling this point, and to remark that, if there be error, it is in the case *355 of Barino v. M’Gee, which has been supposed to conflict with it.
The motion is dismissed.
Richardson, Evans, Warblaw, Frost and Withers, JJ. concurred.

Motion refused.